**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

**HECTOR DELGADO-QUILES**,

  Plaintiff,

      v.

**JO ANNE B. BARNHART
COMMISSIONER OF SOCIAL
SECURITY**

  Defendant.

**CIVIL NO. 04-1951 (DRD)**

## REPORT AND RECOMMENDATION

The case at bar was brought before the Court pursuant to the Social Security Act's judicial review provision, which authorizes any individual who requests disability benefits from the Commissioner of Social Security, but whose request has been denied, to seek review of said decision 42 U.S.C. § 405(g). Upon careful review and consideration of the administrative record, as well as the parties' memoranda (Docket Nos. 7 and 9), the Court hereby **RECOMMENDS** that the case be **REMANDED** to the Commissioner of Social Security.

Delgado-Quiles originally filed for disability benefits on January 9, 2002 (Tr. 92), alleging that since June 2000 he has not been able to work due to severe back pain, lumbar radiculopathy, depression and anxiety. The Administrative Law Judge ("ALJ") ultimately denied his request for said benefits, concluding that Delgado-Quiles' Residual Functional Capacity assessment ("RFC"), along with the testimony of a vocational expert, evinced that "although the claimant's exertional limitations did not allow him to preform the full range of light work" he could perform jobs that are "light, unskilled and allow the claimant to alternate postural positions at will". (Tr.25). However, the ALJ based his conclusions, on mental and physical RFC's performed by *non-examining* physicians (Tr.232) which are inconsistent with the findings of plaintiff's *treating* sources.

First Circuit precedent requires that where no RFC assessment is performed by a *treating* or *examining* physician, a remand is generally warranted. See Rivera-Figueroa v. S.H.H.S., 858 F. 2d. 48, 52 (1ST Cir. 1988); See also Heggarty v. Sullivan, 947 F. 2d. 990, 997 n. 1 (1ST Cir. 1991); Vigo-Ramos v. Commissioner of Social Secutiry, 241 F. Supp. 2d. 139,3 (D.P.R. 2003). Therefore, the

**CIVIL NO. 04-1951 (DRD)**                             2

ALJ is required by the law of this Circuit to rely on the RFC evaluation by a *treating* or *examining* medical expert. See Rivera Torres v. S.H.H.S., 837 F. 2d 4, 6 (1ST Cir. 1988).

In the instant case, the ALJ had the faculty to weigh any evidence probative of disability. See Seavey v. Barnhart, 276 F. 3d 1, 10 (1ST Cir. 2001). The ALJ erred by proceeding to determine plaintiff's RFC's without the benefit of a RFC assessment from a *treating* or *examining* source. Consequently, having rejected the treating sources' opinions as to plaintiffs' disability, the ALJ was required to base his own RFC determination on that of *treating* or *examining* medical expert, and not that of a *non-treating* medical source.

After reviewing the appellant's administrative record, the ALJ's findings, the parties memoranda of law (Docket No. 7 and 9), and the applicable law, the Court finds that the ALJ's finding that Delgado-Quiles could perform light work was not based on the RFC assessment of a *treating* physician. Consequently, the Court hereby **RECOMMENDS** that the case at bar be **REMANDED** for further proceedings consistent with the findings herein stated. This ruling in no way is intended to reflect any opinion on the ultimate merits of plaintiffs' disability claim upon remand. The ALJ is free to consider any additional and/or new evidence he/she may consider relevant.

Under the provisions of Rule 72(d), Local rules, District of Puerto Rico, any party who objects to this report and recommendation must file a written objection thereto with the Clerk of the Court within ten (10) days of the party's receipt of this report and recommendation. The written objections must specifically identify the portion of the recommendation, or report to which objections is made and the basis for such objections. Failure to comply with this rule precludes further appellate review. See Thomas v. Arn, 474 U.S. 140, 155 (1985), reh'g denied, 474 U.S. 1111 (1986); Davet v. Maccorone, 973 F. 2d 22, 30-31 (1ST Cir. 1992).

**SO RECOMMENDED**

In San Juan, Puerto Rico this 10th day of June, 2005

*S/ Gustavo A. Gelpi*
GUSTAVO A. GELPI
United States Magistrate Judge