UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF PUERTO RICO

**HECTOR DELGADO-QUILES,**
Plaintiff,

     v.                                          **CIVIL NO. 04-1951 (DRD)**

**COMMISSIONER OF SOCIAL SECURITY,**
Defendant.

## OPINION & ORDER

Hector Delgado Quiles ("Plaintiff") filed an application for disability insurance and for disability insurance benefits on January 9, 2002 pursuant to § 205(g) of the Social Security Act, 42 U.S.C. § 405(g). Said application averred his inability to work since June 15, 2000. The application was initially denied. This denial was re-affirmed by the Social Security Administration on reconsideration. On April 8, 2003, a hearing was held in which Plaintiff appeared represented by counsel. On July 8, 2003, the Administrative Law Judge, under a *de novo* standard of review, considered the Plaintiff's claim and determined that Plaintiff was not disabled pursuant to 42 U.S.C. § 405(g). Plaintiff then appealed before the Appeals Council which, in turn, rejected review of the ALJ's decision on the instant matter, thus rendering the ALJ's ruling as the final decision of the Commissioner of Social Security.

On September 13, 2004, Plaintiff filed the instant action under the Security Act appeals provision, 42 U.S.C. § 405. (Docket No. 1). On May 26, 2005, this Court referred the matter to Magistrate Judge Gustavo A. Gelpi for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) Fed.R.Civ.P.72 (b), and Local Rule 72.1 (b). (Docket No. 11). Magistrate Gelpi filed

1

a Report and Recommendation ("RR") on June 10, 2005. (Docket No. 12). In his RR, the Magistrate recommended that the case be remanded to the Commissioner of Social Security. Defendant timely filed his objection to the RR on June 20,2005. (Docket No. 13).

The Magistrate correctly and clearly pointed out that any objections to the RR must be filed with the Clerk of Court within ten (10) days after being served with a copy thereof. *See* Fed.R.Civ.P. 72(b) and Local Rule 72.1(b). Pursuant to Fed.R.Civ.P. 72(b), "[a]bsent objection by the plaintiffs, the district court had a right to assume that plaintiffs agreed to the magistrate's recommendation." Templeman v. Chris Craft Corp., 770 F.2d 245, 247 (1st Cir. 1985), *cert. denied*, 474 U.S. 1021, 106 S.Ct 571, 88 L.Ed. 2d 556 (1985). Moreover, "[f]ailure to raise objections to the Report and Recommendation waives that party's right to review in the district court and those claims not preserved by such objection are precluded on appeal." Davet v. Maccarone, 973 F.2d 22, 30-31 (1st Cir. 1992). *See also* Henley Drilling Co. v. McGee, 36 F.3d 143, 150-51 (1st Cir. 1994) (holding that objections are required when challenging findings actually set out in magistrate's recommendation, as well as magistrate's failure to make additional findings); Lewry v. Town of Standish, 984 F.2d 25, 27 (1st Cir. 1993) (stating that "[o]bjection to a magistrate's report preserves only those objections that are specified".); Keating v. Secretary of H.H.S., 848 F.2d 271, 275 (1st Cir. 1988); Borden v. Secretary of H.H.S., 836 F.2d 4, 6 (1st Cir. 1987) (holding that appellant was entitled to a *de novo* review, "however he was not entitled to a *de novo* review of an argument never raised"). *See generally* United States v. Valencia, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).

After conducting a *de novo* review of the record, the Court, although it does not find unreasonable the opinion expressed in the RR, disagrees with the Magistrate's recommendations

pertaining to the issues presented by Plaintiff in his motion. *See* Gioiosa v. United States, 684 F.2d 176 (1st Cir. 1982) (district court was required to make a *de novo* determination of those portions of magistrate's report objected to, which recommended that a habeas corpus petition be denied); *but see* Paterson-Leitch v. Massachusetts Elec., 840 F.2d 985, 990-91 (1st Cir. 1988) ("At most, the party aggrieved is entitled to a review of the bidding rather than to a fresh deal. The rule does not permit a litigant to present new initiatives to the district judge. We hold categorically that an unsuccessful party is not entitled as of right to *de novo* review by the judge of an argument never seasonably raised before the magistrate."). However, the defendant clearly objected timely to the portion object of this opinion.

In his memorandum of law, Plaintiff claims that the Commissioner committed five errors of law in denying benefits. (Docket No. 9). First, that the ALJ failed to provide proper weight to the testimony of the claimant. Second, that ALJ did not give proper weight to the medical evidence from treating physicians. Third, that the ALJ incorrectly based his decision an Residual Functional Capacity ("RFC") assessments from non-treating physicians. Fourth, that the ALJ substituted the medical opinions from evaluating physicians for his own. Finally, Plaintiff claims the ALJ did not include Plaintiff's pain factor in accordance with the Regulations.

The Court does disagrees on a close call with the Magistrate's finding on the third error of law raised by the Plaintiff, the only one examined on the RR. The Court will first examine the error addressed in the RR and then examine remaining errors originally raised by Plaintiff.

The Commissioner objects to the conclusion reached by the Magistrate in the RR. The Commissioner claims that the Magistrate erred in his interpretation of the relevant case law. In his opposition to the RR, he alleges that an ALJ can use RFC assessments from non-treating physicians

3

in his evaluation of a disability claim, and furthermore, that this conclusion is supported by the First Circuit Court of Appeals.

In Social Security cases, the Court must examine the record and uphold a final decision of the Commissioner denying benefits, unless the decision is based on a faulty legal thesis or factual error. *See* Manso-Pizarro v. Secretary of Health and Human Servs., 76 F.3d 15, 16 (1st Cir. 1996) (*citing* Sullivan v. Hudson, 490 U.S. 877, 885 (1989)). The Commissioner's factual findings are conclusive if based on substantial evidence on the record as a whole. *See* 42 U.S.C.A. §§ 405(g), § 1383(c)(3). The commissioner's decision must be supported by such relevant evidence as a reasonable mind might accept as adequate to support the conclusion drawn. Richardson v. Perales, 402 U.S. at 401; Rodriguez v. Secretary of Health & Human Servs., 647 F.2d 218, 222 (1st Cir. 1981). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (*quotation omitted*). The Commissioner's findings are not conclusive "when derived by ignoring evidence, misapplying the law, or judging matters entrusted to experts." Nguyen v.Chater, 172 F.3d 31, 35 (1st Cir. 1999). However, in reaching the disability determination, "[i]t is the responsibility of the [Commissioner] to determine issues of credibility and to draw inferences from the record evidence." Irlanda Ortiz v. Secretary of Health and Human Servs., 955 F.2d 765, 769 (1st Cir. 1991).

The Court is guided by the mandate that "issues of credibility and the drawing of permissible inference from evidentiary facts are the prime responsibility of the Secretary." Richardson, 402 U.S. at 399. The resolution of conflicts in the evidence and the determination of the ultimate question of disability is for the Secretary, not for the doctors or the reviewing Courts. *Id.*; *see also:* Lizotte v. Secretary of Health and Human Services, 654 F.2d 127, 128 (1st Cir. 1981); Rodriguez, 647 F.2d

at 222; Alvarado v. Weinberger, 511 F.2d 1046, 1049 (1st Cir. 1975) (*per curiam*). Although medical evidence in the record may at times conflict, "the resolution of such conflicts in the evidence is for the Secretary." Rodriguez Pagan v. Sec. of Health & Human Services, 819 F.2d 1, 3 (1st Cir. 1987) (*per curiam*). Moreover, "the not uncommon situation of conflicting medical evidence... [is for] the trier of fact... to resolve." Richardson, 402 U.S. at 399. Therefore, the ALJ's resolution must be affirmed, "even if the record arguably could justify a different conclusion, so long as it is supported by substantial evidence." Id.

After having carefully reviewed the RR, the Commissioner's Objection to the RR, as well as the legal memoranda submitted by Plaintiff and the Commissioner (Docket Nos. 7, 10, 12 and 13), the Court can disagrees with the Magistrate's conclusion. In his RR, the Magistrate agreed with Plaintiff and concluded that the ALJ's relying on RFC assessments performed by non-examining physicians was incorrect. Instead, the Magistrate explains, the RFCs had to be performed by treating physicians. This Court disagrees only because the matter on a close examination of the jurisprudence renders otherwise (*See infra*) and the remainder of the evidence under the standard of substantial evidence based on the record as a whole reveals Plaintiff is not disabled.

The Magistrate cites several cases in support of his argument. Magistrate understands that "First Circuit Court precedent requires that where no RFC assessment is performed by a *treating* or *examining* physician, a remand is generally warranted. See Rivera-Figueroa v. S.H.H.S., 858 F.2d 48, 52 (1st Cir. 1988); See also Heggarty v. Sullivan, 947 F.2d 990 , 997 (1st Cir. 1991)." The Magistrate understood the case law cited herein supports the above conclusion. However, the Court reads the case law otherwise. In Rivera-Figueroa v. S.H.H.S., 858 F.2d 48 (1st Cir. 1988) the First Circuit Court of Appeals stated that an ALJ is not qualified to interpret medical data unaided by an

5

RFC performed by a medical expert, even one from a non-treating physician.[1]  In Rivera-Torres v. S.H.H.S., 837 F.2d 4 (1st Cir. 1988), another case cited by the Magistrate in support of his opinion, **there was no** RFC from any source, examining or non-examining.[2]  Heggarty v. Sullivan, 947 F.2d 990 (1st Cir. 1991) is distinguished from the instant case in that the record of the unrepresented claimant (Heggarty) contained two RFCs from non-examining physicians, but no medical reports or records from the examining doctors.[3]  The Court interprets that in none of the cases referenced the reviewing Court specified that the RFC had to be performed specifically by a treating doctor.  On the contrary, these cases specifically refer to RFCs from **non-examining** physicians as an alternative, even if it is a less desirable one.  In fact, what the Circuit Court determined is that referral to RFCs from non-examining physicians is a viable alternative, even if it is a less desirable one.  More recently still, this Court affirmed the ALJ's conclusion based on RFCs from non-treating physicians to deny benefits to the claimant.  Quintana v. Commissioner of Social Security,, 294

---

[1] "As the case stands, the ALJ appears to have interpreted the medical data himself to conclude ... **we question the ALJ's ability to assess claimant's physical capacity unaided even by an RFC assessment from a nonexamining doctor**.  *See* Rivera-Torres v. Secretary, 837 F.2d 4, 7 (1st Cir.1988); Berrios v. Secretary, 796 F.2d 574, 576 (1st Cir.1986) (lay fact finders not competent to interpret and apply raw medical data)." Rivera-Figueroa v. S.H.H.S., 858 F.2d 48 (1st Cir. 1988). *(Emphasis ours).*

[2] "Dr. Manana did not complete a residual functional capacity (RFC) questionnaire or indicate in lay terms in what manner claimant's back and other physical problems might limit his ability to sit, stand, lift, bend or perform other basic work activities ... **Nor is there even any useful RFC from a non-examining physician** ... Rather, an explanation of claimant's functional capacity from a doctor is needed. *See* Berrios v. Secretary, 796 F.2d 574, 576 (1st Cir.1986) (Appeals Council not competent to interpret and apply raw medical data; case remanded as nothing intelligible to a lay person indicates claimant can sit, bend, or reach)."  Rivera-Torres v. S.H.H.S., 837 F.2d 4 (1st Cir. 1988). *(Emphasis ours).*

[3] "It is plain that reports of Dr. Bixby's treatment of claimant would not be cumulative or irrelevant.  Rather, such evidence would fill a gap in the record. **Other than the brief Lawrence General Hospital notes there is no evidence from a treating source** concerning the extent of claimant's eczema and how it presently responds to treatment ... Finally, good cause exists for a remand in this case.  First, claimant was unrepresented at the hearing.  This fact strengthens the ALJ's obligation to explore the issue. See Deblois v. Secretary of Health and Human Services, 686 F.2d 76, 81 (1st Cir.1982); cf. Currier, 612 F.2d at 598.  Second, the ALJ specifically had informed claimant that he would arrange to obtain Dr. Bixby's records." Heggarty v. Sullivan, 947 F.2d 990 (1st Cir. 1991). *(Emphasis ours).*

F.Supp.2d 146 (D.P.R. 2003), *affirmed at* 110 Fed.Appx. 142 (1st Cir. 2004):

> Although we have encouraged the Commissioner to obtain a residual functional capacity report from an examining consultant, Rivera-Torres v. Sec'y of HHS, 837 F.2d 4, 6 (1st Cir.1988), **reports from nonexamining, nontestifying consultants are "entitled to evidentiary weight, which 'will vary with the circumstances**" Berrios Lopez v. Sec'y of HHS, 951 F.2d 427, 431 (1st Cir.1991) (per curiam) (quoting Rodriguez, 647 F.2d at 223). Greater reliance on such reports is warranted where, as here, the non-examining consultants, Hilario De La Iglesia, Ph.D., and Luis R. Vecchini, M.D., who prepared the mental residual functional capacity report, reviewed the reports of examining and treating doctors before doing so and supported their conclusions with reference to medical findings. See Berrios Lopez, 951 F.2d at 431.

Quintana v. Commissioner of Social Security, *Id*.

The ALJ has provided explicit and detailed findings in support of his conclusions, allowing this Court to determine that the ALJ's decision is, in fact, supported by substantial evidence on the record as a whole. Moreover, the ALJ determined that claimant failed to establish an impairment severe enough to preclude him from engaging in substantial gainful activity prior to the expiration of his coverage. It stems from the record that the ALJ based his conclusion on RFC assessments made by two different non-examining physicians. In his RFC assessment, Dr. Osvaldo Rivera Marrero determined that Plaintiff could perform up to medium work, with the ability to sit for six hours a day and stand and walk for six hours a day, with normal breaks. (Tr. 234-241). After reviewing the medical evidence, a second physician adopted the prior conclusion. (Tr. 241).

Finally, although Plaintiff raised several other arguments, they are all circumscribed to the ALJ's interpretation of the evidence before him. However, the work of reviewing the evidence and resolving inconsistencies in the record belongs to the Commissioner. It is the Commissiner's responsibility to resolve "issues of credibility and the drawing of permissible inference from evidentiary facts". Richardson, 402 U.S. 389 (1971). Therefore, as already stated, the ALJ's

resolution must be affirmed, "even if the record arguably could justify a different conclusion, so long as it is supported by substantial evidence." Richardson, *Id*.

In his decision, the ALJ found that Plaintiff had a lumbosacral strain and a depressive disorder. (Tr. 24). Not withstanding, the ALJ determined that Plaintiff's impairments or combination of impairments did not meet or medically equal one of the impairments listed in the Commissioner's Listing of Impairments. 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 24). Considering several factors, including the medical record, three RFC reports and the testimonies of a medical expert and a vocational expert, the ALJ determined that Plaintiffs limitations did not preclude him from performing a significant number of jobs in the national economy. (Tr. 25). Given these facts, the ALJ ruled based on substantial evidence in the record as a whole that the claimant was not disabled within the definition of the Social Security Act.[4]

---

[4]From the record it stems that Plaintiff suffered a work related accident that injured his back. An X-Ray exam performed on June 16, 2000 revealed a mild to moderate lumbar spondylosis. Disc spaces were well preserved. (Tr. 194). An EMG revealed left L5 radiculopathy. (Tr. 196). On November 3, 2000, an MRI was performed and revealed no evidence of disc herniation or spinal stenosis. A second X-Ray was performed on October 31, 2001, after claimant continued complaining of back pain. (Tr. 210). The X-Ray revealed a straightening of normal lumbar lordosis on the basis of an underlying spasm. Disc spaces were well preserved and osteophytic spurring was seen.

Dr. Hector Cases Mayoral examined the Plaintiff on April 2, 2002. He diagnosed the claimant with chronic lumbosacral strain. Dr. Cases concluded that if diagnostic studies were compatible with a herniated disc, the Plaintiff should refrain from **strenuous work**. (Tr. 223-231). On November 22, 2002, Plaintiff was examined by Dr. Marisol Mubarak De Martin. Dr. Mubarak concluded Plaintiff should avoid lifting weights or performing high impact activities. (Tr. 283-291).

As mentioned above there are two RFC assessments from two consulting physicians who reviewed the medical record. Both doctors determined that Plaintiff could perform up to medium work, with the ability to sit for six hours a day and stand and walk for six hours a day, with normal breaks. (Tr. 234-241).
As determined by the ALJ, Plaintiff also suffers from a depressive disorder. Dr. Josefina Rojas, his treating psychiatrist, reported that Plaintiff was alert, well groomed, and oriented in person and place. The doctor also found Plaintiff had a sad mood, anxiousness, ideas of hopelessness, affected memory, and concentration, psychomotor retardation. She diagnosed the patient with a major depression with psychotic features. The doctor believed the Plaintiff had marked limitations to perform almost all the basic work activities. (TR. 242-261, 324-332).

On October 29, 2002, a consulting psychiatrist, Dr. Rafael Miguez, evaluated Plaintiff and found him to be cooperative, alert, logical, coherent, relevant, oriented, well groomed, depressed, with good remote and adequate recent memory, diminished concentration, and good attention. The doctor diagnosed an atypic depressive disorder. He further determined that Plaintiff had poor insight, but could handle funds. (Tr. 277-281).

In December 16,2004, Dr. Orlando E. Reboredo performed a psychiatric RFC assessment after reviewing Plaintiff's medical record. (Tr. 307-310). In his report, Dr. Reboredo concluded Plaintiff was not significantly

Plaintiff's claim of pain was dully considered by the ALJ and found not credible to the extent alleged by the claimant.  The ALJ refers to the medical evidence in the record as a basis for this determination.  As mentioned above the Court may not substitute its determinations on credibility over that of the ALJ's if it is supported by substantial evidence as it in this case.  The opinions and conclusion of both, Dr. Cases and Dr. Mubarak support the ALJ's determination.  In addition, the RFC assessment performed by the non-examining doctors also supports the ALJ's determination that Plaintiff was not physically disabled.

Finally, the ALJ must use Plaintiff's residual functional capacity to determine if the claimant can perform any of his past relevant work.  If the claimant establishes that he has no past relevant work or can not perform his past relevant work, the burden shifts to the Commissioner to show there are other jobs in the national economy that claimant could perform consistent with his residual functional capacity, age, education, and work experience.  In the instant case the ALJ determined that Plaintiff's past work was beyond his residual functional capacity.

During the hearing, Mr. Miguel Pellicier, testified as a vocational expert.  Said expert testified that, based on a hypothetical situation in which a person had the same restrictions as Plaintiff, there was relevant work that could be performed in the local and national economies. Examples of such work include hand labeler and hand filler.  He further testified, that both vocations

---

limited or was only limited in a moderate capacity in almost all areas of functioning, with the exception of being markedly limited in understanding, remembering and carrying out detailed instructions.  It should be pointed out that the doctor believed Plaintiff was not significantly limited in his ability to remember locations and work-like procedures nor in his ability to understand, remember and carry out short and simple instructions. (Tr. 307).

During the hearing, Dr. Jose Pou testified as a psychiatrist and medical advisor.  Based on the medical record and evidence, Dr. Pou was of the opinion that Plaintiff was only limited in a moderate way in his capacity to perform his daily activities. (Tr. 44-53).

Dr. Pou's testimony, the RFC and the psychiatric examination perfomed by Dr. Miguez support the ALJs' determination that Plaintiff was not mentally disabled.  Once again, there is substantial evidence on the record to support the ALJ's determination that Plaintiff was not disabled within the meaning of the Social Security Act.

exist in the national and local economies in substantial numbers. (Tr. 53-59).

The ALJ based his decision on the medical records and opinions, the RFC assessments, the testimony of Dr. Pou and the testimony of the vocational expert. The findings of the Commissioner are conclusive when, as is the case herein, they are supported by substantial evidence. Consequently, the ALJ's conclusions must be upheld even in those cases in which the reviewing court, had it heard the same evidence *de novo*, might find otherwise. Lizotte v. Secretary of Health and Human Services, 654 F. 2d 127, 128 (1st Cir. 1981).

This Court is not persuaded by Plaintiff's prayer to disregard the ALJ's well reasoned findings. As stated before, ample evidentiary support exists for the ALJ's conclusions and Plaintiff has failed to point to evidence in the record that may overturn the ALJ's factual determinations.

**WHEREFORE**, the final decision of the Commissioner is **AFFIRMED** and this case is **DISMISSED WITH PREJUDICE.** Judgment will be entered accordingly. **THIS CASE IS CLOSED**.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico this 30th day of July 2005

                                                        **S/ DANIEL R. DOMINGUEZ**
                                                           DANIEL R. DOMINGUEZ
                                                             U.S. District Judge